IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES KENNETH HEDGEPETH, Individually
and on Behalf of All Others Similarly Situated                                              PLAINTIFFS

vs.                                                                                          No. 1:05CV142-D-A

BLUE CROSS AND BLUE SHIELD OF MISSISSIPPI; et al.                             DEFENDANTS

OPINION GRANTING MOTION TO STRIKE CLASS ALLEGATIONS,
DENYING MOTION TO DISMISS, AND OVERRULING APPEAL
OF MAGISTRATE'S RULING

Presently before the court is the Defendant Blue Cross and Blue Shield of Mississippi's motion to strike class action allegations, the same Defendant's motion to dismiss, and the Plaintiffs' appeal of an order entered by the Magistrate Judge on November 21, 2005. Upon due consideration, the court finds that the Defendant's motion to strike class action allegations should be granted, the Defendant's motion to dismiss should be denied, and the Plaintiffs' appeal of the Magistrate Judge's ruling overruled.

*A. Factual and Procedural Background*

The Plaintiff James Kenneth Hedgepeth, who has health insurance through his employer, Rugged Liner (a non-party to this litigation), was hospitalized at North Mississippi Medical Center (also a non-party) in Tupelo in December of 2003 and incurred charges of $87,909.00. After his claims for payment were denied, he brought this putative ERISA class action alleging, *inter alia*, breach of fiduciary duty by the Defendants. In addition to his own alleged damages, he seeks to represent a class of plaintiffs defined in part as "all persons who are presently or were at any time covered by a BlueCross and BlueShield health plan and . . . [w]ho received treatment at the North Mississippi Medical Center . . ." The Defendant Blue Cross and Blue Shield of Mississippi (BC/BS) has now moved separately to strike the Plaintiff's class action allegations and to dismiss his claims

against it. The Plaintiffs have filed objections to an order entered by the Magistrate Judge on November 21, 2005, in which the Defendant's motion for protective order was granted in part.

*B. Motion to Strike Class Action Allegations*

The Plaintiff must meet the prerequisites set out in Rule 23(a), in addition to satisfying either Rule 23(b)(1), (2), or (3), in order to maintain this suit as a class action. Fed. R. Civ. P. 23; See Applewhite v. Reichhold Chems., Inc., 67 F.3d 571, 573 (5th Cir. 1995) (holding that burden of proof is on party seeking class certification); Moore Video Distribs., Inc. v. Quest Entertainment, Inc., 823 F. Supp. 1332, 1338 (S.D. Miss. 1993) ("[P]laintiff must make a prima facie showing in its pleading that it satisfies rule 23.").

In addition to the standard Rule 23 requirements, courts hold that putative classes must satisfy other, implicit, requirements before certification. See, e.g., McGuire v. International Paper Co., No. 1:92-CV-593BRR, 1994 WL 261360, at *3 (S.D. Miss. 1994). For instance, the Fifth Circuit has held that it "is elementary that in order to maintain a class action, the class sought to be represented must be adequately defined and clearly ascertainable. DeBremaecker v. Short, 433 F.2d 733, 734 (5th Cir. 1970); Johnson v. Kansas City R.R., 224 F.R.D. 382, 388 (S.D. Miss. 2004). The Fifth Circuit has also upheld the power of district courts to dismiss class allegations prior to any extensive class-related discovery taking place. Stewart v. Winter, 669 F.2d 328, 331 (5th Cir. 1982).

In the case *sub judice*, the sole claims the Plaintiff advances in the complaint arise out of the Employee Retirement Income Security Act (ERISA). As noted above, however, the Plaintiff has broadly defined the putative class as "all persons who are presently or were at any time covered by a BlueCross and BlueShield health plan and . . . [w]ho received treatment at the North Mississippi Medical Center . . ." ERISA, however, does not apply to every health plan; rather, ERISA contains

2

a specific definition of the types of plans it covers. See 29 U.S.C. § 1002(1). BlueCross plans vary by employer and by state; even BlueCross Mississippi plans are not all alike. Thus, as the Fifth Circuit has held, ERISA does not provide a cause of action for every person covered by a particular health plan who received treatment at a particular facility. MD Physicians & Assoc. v. State Bd. Of Ins., 957 F.2d 178, 183 (5th Cir. 1992) (holding that "[j]ust because a plan exists ... does not necessarily mean that the plan is an ERISA plan"); Hansen v. Continental Ins. Co., 940 F.2d 971, 977 (5th Cir. 1991).

In light of the fact that the Plaintiff has defined the class to include plans potentially not covered by ERISA, while not stating a substantive claim other than under ERISA, the court finds that the Plaintiff has failed to adequately define the class, thus falling afoul of the Fifth Circuit's DeBremaecker requirement that the class sought to be represented be adequately defined. DeBremaecker, 433 F.2d at 734. Accordingly, the court finds that the Plaintiff's class allegations should be stricken and the Defendant's motion to strike granted. This case shall proceed as an individual action.

*C. Motion to Dismiss*

The Defendant has moved to dismiss the Plaintiff's claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Considering only the pleadings in this action, and taking the facts alleged in the Plaintiff's complaint as true, the court finds that the Defendant has failed to show that "it appears certain that the plaintiff cannot prove any set of facts that would entitle [him] to the relief [he] seek[s]." See C.C. Port, Ltd. v. Davis-Penn Mortgage Co., 61 F.3d 288, 289 (5th Cir. 1999). As such, the Defendant's motion to dismiss pursuant to Rule 12(b)(6) shall be denied.

### D. Appeal of Magistrate Judge Ruling

The Plaintiff has filed objections to the Magistrate's November 21, 2005, order granting in part and denying in part the Defendant's motion for protective order. Upon due consideration, the court finds that the Plaintiff's objections should be overruled.

Upon review of the Magistrate's order, the court finds that it agrees with the Magistrate's reasoning, and hereby affirms the order of November 21, 2005. Specifically, the court agrees with the Magistrate Judge that, outside exceptions not present in the case *sub judice*, evidence outside of the administrative record may not be considered in resolving factual controversies related to ERISA claims. Accordingly, the court expressly finds that the Magistrate's ruling and order are not clearly erroneous or contrary to law, as is required before this court can reverse, vacate or modify the Magistrate's order on appeal. See Fed. R. Civ. P. 72(a).

### E. Conclusion

In sum, the court finds that the Defendant's motion to strike class action allegations should be granted, the Defendant's motion to dismiss should be denied, and the Plaintiff's objections to the Magistrate Judge's order of November 21, 2005, should be overruled.

A separate order in accordance with this opinion shall issue this day.

This the 18th day of January 2006.

/s/ Glen H. Davidson
Chief Judge