IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES KENNETH HEDGEPETH                                                                PLAINTIFF

vs.                                                                                            No. 1:05CV142-D-A

BLUE CROSS AND BLUE SHIELD OF MISSISSIPPI; et al.                          DEFENDANTS

OPINION GRANTING MOTION TO REMAND TO PLAN ADMINISTRATOR

Presently before the court is the Plaintiff's motion to remand this case to the Plan Administrator for further consideration. Upon due consideration, the court finds that the motion should be granted.

*A. Factual and Procedural Background*

The Plaintiff James Kenneth Hedgepeth, who has health insurance through his employer, Rugged Liner (a non-party to this litigation), was hospitalized at North Mississippi Medical Center (also a non-party) in Tupelo in December of 2003 and incurred charges of $87,909.00. After his claims for payment were denied, he brought this ERISA action alleging, *inter alia*, breach of fiduciary duty by the Defendants. The Plaintiff has now filed a motion to remand this case to the Plan Administrator based on the existence of special circumstances surrounding this litigation that warrant providing the Administrator another opportunity to consider the Plaintiff's benefits claim.

*B. Motion to Remand*

In ERISA cases, parties are required to exhaust their administrative remedies before filing suit in federal court. Bourgeois v. Pension Plan for Employees of Santa Fe Int'l Corps., 215 F.3d 475, 479 (5th Cir. 2000). The district court then acts in an appellate capacity and reviews the administrative record to determine whether the plan administrator abused its discretion in denying benefits. McDonald v. Entergy Operations, Inc., No. 5:03 CV 241 BN, 2005 WL 2474701, at *5

(S.D. Miss. April 29, 2005). Once suit has been filed, the parties are not permitted, except under very limited circumstances, to supplement or expand the record. Vega v. National Life Ins. Servs., 188 F.3d 287, 298-300, 302 (5th Cir. 1999). Remand of an ERISA case to the plan administrator is permitted only in cases where "special circumstances" are present that warrant the court taking such a step. Vega, 188 F.3d at 302; see also Offutt v. Prudential Ins. Co. of America, 735 F.2d 948, 950 (holding that "[i]f new evidence is presented to the reviewing court on the merits of the claim for benefits, the court should, as a general rule, remand the matter to the plan administrator for further assessment . . . [n]o remand is necessary, however, when it would be a useless formality.").

In the case *sub judice*, the Plaintiff's Defendant health insurer had a participation agreement with North Mississippi Medical Center (NMMC) until about a week before the Plaintiff was hospitalized; the Defendant then renewed its participation agreement with NMMC while the Plaintiff's action for benefits was still ongoing. The court finds that this new evidence on the merits of the Plaintiff's claim for benefits qualifies as a special circumstance sufficient to warrant this case being remanded to the plan administrator for further review. This development occurred after the administrative process in this case was complete and suit had been filed. The court cannot state at this juncture that a remand of this action under these circumstances would be a "useless formality" and thus finds that remand is appropriate. The court will retain jurisdiction over this matter and the case shall remain open while the plan administrator reviews the Plaintiff's claim for benefits.

A separate order in accordance with this opinion shall issue this day.

This the 10th day of August 2006.

/s/ Glen H. Davidson
Chief Judge